IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
EASTERN DIVISION

**BONDARY MCCALL**  **PETITIONER**
**REG. #43827-019**

v.                    2:09-cv-00055-JJV

**T. C. OUTLAW**
Warden, FCI-Forrest City                  **RESPONDENT**

## ORDER

Bondary McCall, an inmate in Allenwood Medium Federal Correctional Institution in White Deer, Pennsylvania, brings this 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. No. 2) and Amended Petition for Writ of Habeas Corpus (Doc. No. 7). Respondent filed a motion in response (Doc. No. 28), and Petitioner has replied (Doc. No. 32). For the reasons that follow, the petition is DENIED.

**I.     Procedural History**

On March 22, 1993, Petitioner, Bondary McCall, was charged in 18 counts of a 35-count superseding indictment in the Southern District of Ohio. Petitioner was convicted by a jury of various drug and money laundering offenses on September 27, 1993. On December 21, 1994, Petitioner was sentenced to 292 months imprisonment. However, the judgment was amended on January 3, 1995, which raised the sentence to 365 months imprisonment.

Petitioner filed a direct appeal to the United States Court of Appeals for the Sixth Circuit on January 6, 1995, arguing that the district court erred in calculating the amount of cocaine attributable to him, his leadership role, the imposition of a $10,000 fine, and that his double jeopardy protections were violated. *United States v. McCall*, 1996 WL 77437, 77 F. 3d 483 (6th Cir. 1996) (Table, Text


in Westlaw) (unpublished opinion)). The appellate court affirmed the decision of the district court and held that Petitioner waived his double jeopardy claim. *Id*. at *1-6.

On May 16, 1997, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence in the United States District Court for the Southern District of Ohio. Petitioner alleged that: (1) he was denied his Constitutional right to counsel free from conflict; (2-3) trial counsel was ineffective for failing to file a motion to suppress evidence obtained through interception of electronic communications to a pager; (4) the prosecutor violated *Brady* and the Jencks Act by failing to produce grand jury testimony; (5) the prosecutor's misconduct created a Speedy Trial Act violation; and (6) the trial court denied Petitioner his choice of counsel. On March 23, 1999, the district court denied Petitioner's § 2255 motion. Petitioner filed an appeal to the Court of Appeals for the Sixth Circuit which affirmed the district court's decision. *McCall v. United States*, 2000 WL 1597853 *1, 234 F.3d 1269 (6th Cir. 2000) (Table, Text in Westlaw) (unpublished opinion).

Petitioner subsequently filed a motion for a new trial based on newly discovered evidence and prosecutorial misconduct. The district court denied Petitioner's motion and the Court of Appeals rejected Petitioner's motion as a second motion to vacate under § 2255. *McCall v. United States*, 2001 WL 1450688, *1, 27 Fed. Appx. 463, 464 (6th Cir. 2001) (unpublished opinion).

Petitioner then filed a § 2241 Petition for Writ of Habeas Corpus in the Northern District of Florida on September 20, 2005. Petitioner challenged his conviction and argued that his remedy under § 2255 was inadequate or ineffective because "Petitioner's private and personal authority secured and sealed by Article I, Section 9 and 10, and Articles IV, VI, and Bill of Rights at Articles and contract law in not available under § 2255" [sic] and that Respondent [J. Barron Jr., Warden of FCI Marianna] "and his co-business partners" were committing fraud and were defrauding Petitioner of his life, liberty and property. In an Order dated October 13, 2005, the Northern District of Florida

held that because Petitioner's § 2241 petition was attacking "custody resulting from a federally imposed sentence, [it] may be entertained only where the petitioner establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention." *McCall v. Barron*, 2005 WL 5974542 *2 (N.D. Fla. 2005) (unpublished opinion).

Pending now before this Court is Petitioner's § 2241 petition filed May 20, 2009. Having carefully reviewed the instant petition, the Court construes Petitioner's § 2241 claim as again challenging his conviction and sentence. Petitioner sets forth the following supporting facts in his petition:

> Your Petitioner is a American. Article 1 § 9 of the Constitution bars Congress from usurping judicial powers. Finding of facts by the judge in this case at bar is illegal, a deprivation of right to trial by jury, which denies all process due one attacked by the United States, its agents or instrumentalities. The record constructed and ratified by the United States proves beyond all doubt; by a preponderance of its own evidence, the facts of the charged violations. The Supreme Court settled the law in this matter January 12, 2005, No. 04-104; 04-105. There are no issues to litigate. The government is estopped from refuting these facts by its own statement. Drug Enforcement Administration was without authority to prosecute or seek prosecution for money laundering without postal inspection? [sic]

Petition for Writ of Habeas Corpus (Doc. No. 2).

Petitioner filed an amended § 2241 petition on June 2, 2009, alleging that the Bureau of Prisons seized his mail and were either throwing it away or destroying it "in hopes of prevent [him] for executing several lawful contract in violation of Article 1, Section 10 of the Constitution." [sic]

Respondent argues that this Court lacks jurisdiction to hear Petitioner's claims because (1) the Eastern District of Arkansas is not the sentencing district and is no longer the district of incarceration; and (2) because Petitioner is challenging his conviction and sentence in a § 2241 petition, he must first demonstrate the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. Respondent further alleges that Petitioner has failed to exhaust his administrative remedies for his claims and that Petitioner's claims have been asserted in another

action pending in the Eastern District of Arkansas and Petitioner "should not be allowed to avoid the filing fee by presenting these tort and civil rights claims through his § 2241 petition."

**II.     Findings**

The Court construes Petitioner's arguments in his § 2241 petition as attacking his conviction and sentence. (Doc. No. 2). Therefore, this Court does not have jurisdiction to render a decision on these claims.

Inmates seeking to challenge the lawfulness of the imposition of their federal convictions and sentences must generally bring a 28 U.S.C. § 2255 motion to the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), *cert. denied*, 545 U.S. 1147, 125 S.Ct. 2984 (2005). Because a § 2255 petition attacks the validity of the conviction or sentence, it is a "further step in the movant's criminal case," and subject matter jurisdiction lies with the convicting and sentencing court. *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986); *Thompson v. Smith*, 719 F.2d 938, 940 (8th Cir. 1983).

In contrast, a § 2241 habeas corpus petition attacks the execution of a sentence, or the manner in which the sentence is being carried out and is properly brought before the court presiding in the judicial district where the prisoner is incarcerated. *Matheny v. Morrison*, 307 F.3d 709, 711-712 (8th Cir. 2002); *DeSimone*, 805 F.2d at 323; *Nichols v. Symmes*, 553 F.3d 647, 649 (8th Cir. 2009). Therefore, a claim attacking the underlying sentence is properly considered in a § 2255 petition before the sentencing court and a claim attacking the execution of the sentence is properly brought in a § 2241 petition in the jurisdiction where the petitioner is incarcerated. *Nichols*, 553 F.3d at 649. Petitioner's claims must be brought before the United States District Court for the Southern District of Ohio where he was convicted and sentenced, or to the appropriate appellate court, the United States Court of Appeals for the Sixth Circuit.

For this Court to be permitted to invoke jurisdiction over Petitioner's § 2241 petition, the Petitioner must prove the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), cert. denied, 545 U.S. 1147 (2005); *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). A petition seeking *habeas corpus* relief "shall not be entertained if it appears that the applicant ha[d] failed to apply for relief, by [§ 2255] motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention."[1] 28 U.S.C. § 2255(e). When a petitioner had an "unobstructed procedural opportunity" to present a claim, his failure to seize that opportunity does not render § 2255 inadequate or ineffective to test the legality of his conviction or sentence. *Abdullah*, 392 F3d at 963. Petitioner has the burden of demonstrating the inadequacy or ineffectiveness of seeking § 2255 relief from the sentencing court. *Id*. at 959. This is a "narrowly circumscribed 'safety valve.'" *United States ex. rel. Perez v. Warden, FMC Rochester*, 286 F.3d 1059, 1061-62 (8th Cir. 2002).

Petitioner's convictions have already been thoroughly reviewed by the district court and the appellate court. Petitioner's direct appeal of his conviction was unsuccessful; his first § 2255 motion was denied; his motion for a new trial which the court of appeals construed as a successive § 2255 petition was denied; and a similar § 2241 petition in Northern District of Florida was also denied. Aside from being unsuccessful in his attempts to set aside his sentence, Petitioner does not state a

---

[1] *See also, United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (While courts have not thoroughly defined what is meant by "inadequate or ineffective," recent cases make clear that more is required than demonstrating there is a procedural barrier to bringing a § 2255 motion ... (citation omitted). Specifically, the § 2255 motion is not inadequate or ineffective merely because § 2255 relief has already been denied... (citations omitted), or because petitioner has been denied permission to file a second or successive § 2255 motion , ...(citations omitted), or because a second or successive § 2255 has been dismissed, ...(citation omitted), or because petitioner has allowed the one year statute of limitations and/or grace period to expire.

sufficient basis for this Court to find his § 2255 remedy was in any way "inadequate or ineffective." Accordingly, this Court lacks jurisdiction and cannot entertain his petition under 28 U.S.C. § 2241.

Petitioner's argument in his Amended Petition (Doc. No. 7), alleging that he is being deprived access to all his legal documents, is not cognizable under a § 2241 petition. Petitioner may wish to seek a remedy to his complaints through a properly filed 42 U.S.C. § 1983 action.

### III.  Conclusion

Because this Court lacks subject matter jurisdiction over Petitioner's 28 U.S.C. § 2241 Petition for Writ of *Habeas Corpus*, Petitioner's petition is DISMISSED without prejudice and the relief requested is DENIED. Accordingly, Petitioner's outstanding motions, Document Numbers 5, 6, 11, 14, 15, 21, 22, 27, 31, and 33, are moot and should be DISMISSED.

IT IS SO ORDERED this 4th day of September, 2009.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE